# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEAL B.,[1] <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL,[2] <br> Commissioner of Social Security, <br><br> Defendant. | Case No. 2:19-cv-03283-MAA <br><br> **MEMORANDUM DECISION AND ORDER REVERSING DECISION OF THE COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS** |

On April 24, 2019, Plaintiff filed a Complaint seeking review of the Social Security Commissioner's final decision denying his application for a period of disability and disability insurance benefits pursuant to Title II of the Social Security Act. This matter is fully briefed and ready for decision. For the reasons discussed below, the Commissioner's final decision is reversed, and this action is remanded for further administrative proceedings.

---

[1] Plaintiff's name is partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] The Commissioner of Social Security is substituted as the Defendant pursuant to Federal Rule of Civil Procedure 25(d).

**PROCEDURAL HISTORY**

On April 30, 2015, Plaintiff protectively filed an application for a period of disability and disability insurance benefits, alleging disability beginning on April 2, 2015. (Administrative Record [AR] 23, 90, 250-53.) Plaintiff alleged disability because of "depression; anxiety; [and] neurology problems." (AR 108.) After the application was denied initially and on reconsideration, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR 138-39.) At the initial hearing on October 17, 2017, the ALJ continued the proceeding so Plaintiff could obtain counsel. (AR 83-89.) At the continued hearing on February 15, 2018, at which Plaintiff appeared with counsel, the ALJ heard testimony from Plaintiff, a vocational expert, and Plaintiff's roommate. (AR 40-82.)

In a decision issued on May 2, 2018, the ALJ denied Plaintiff's application after making the following findings pursuant to the Commissioner's five-step evaluation. (AR 23-32.) Plaintiff had not engaged in substantial gainful activity since his alleged disability onset date of April 2, 2015. (AR 26.) He had severe impairments consisting of "possible multiple sclerosis; degenerative disc disease, cervical spine; [and] affective disorder." (*Id.*) He did not have an impairment or combination of impairments that met or medically equaled the requirements of one of the impairments from the Commissioner's Listing of Impairments. (AR 26.) He had a residual functional capacity for medium work with a limitation to simple, repetitive tasks. (AR 28.) He could not perform his past relevant work as a plumber. (AR 30; *see also* AR 69.) However, he could perform other work in the national economy, in the occupations of dish washer; grocery bagger; and laborer, stores. (AR 31.) Thus, the ALJ concluded that Plaintiff was not disabled as defined by the Social Security Act. (AR 32.)

Plaintiff requested review by the Appeals Council. (AR 249.) As part of the request, Plaintiff submitted new evidence relating to multiple sclerosis. (AR 7-10, 38-39.) On March 12, 2019, the Appeals Council denied review. (AR 1-6.) The

Appeals Council also found that the new evidence did not show a reasonable probability of changing the outcome of the ALJ's decision. (AR 2.) Thus, the ALJ's decision became the final decision of the Commissioner.

## DISPUTED ISSUES

The parties raise the following disputed issues:

1. Whether the ALJ's step two, step three, residual functional capacity, and step five findings contain legal errors and are supported by substantial evidence; and

2. Whether the ALJ improperly discredited Plaintiff testimony.

(ECF No. 18, Parties' Joint Stipulation ["Joint Stip."] at 2.)

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's final decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Commissioner of Social Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must review the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Lingenfelter*, 504 F.3d at 1035. Where evidence is susceptible of more than one rational interpretation, the Commissioner's interpretation must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

///

# DISCUSSION

For the reasons discussed below, reversal and remand for further administrative proceedings are warranted for Issue One, in which Plaintiff's challenges the ALJ's findings during the five-step evaluation in light of new evidence considered by the Appeals Council. Thus, the Court declines to address Plaintiff's remaining arguments. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *see also Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand.").

## I. Evidence Considered by the Appeals Council.

### A. Legal Standard.

A decision by the Appeals Council denying review of an ALJ's decision, including any reasoning for denying review, is not subject to subsequent judicial review. *See Luther v. Berryhill*, 891 F.3d 872, 876 (9th Cir. 2018). However, "when the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence." *Brewes v. Commissioner of Social Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012) (citing *Tackett v. Apfel*, 180 F.3d 1094, 1097-98 (9th Cir. 1999)). The Court then "must give the facts a full review and must independently determine whether the Commissioner's findings are supported by substantial evidence." *See Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996) (citing *Stone v. Heckler*, 761 F.2d 530, 532 (9th Cir. 1985)).

///

**B.     Background.**

The primary basis for Plaintiff's alleged disability is multiple sclerosis ("MS"). (AR 45-46.)  The record before the ALJ had conflicting evidence as to whether Plaintiff had a diagnosis of MS.  In May 2015, Dr. Germin, a neurologist, diagnosed Plaintiff with MS in part because of a magnetic resonance image ("MRI") of the brain showing "Dawson's fingers."  (AR 373.)  However, in July 2015, Dr. Corazza, a neurologist who had not seen an MRI, stated that "I do not see much on examination to support [the MS diagnosis]."  (AR 393.)  Other physicians also apparently thought Plaintiff might have MS (AR 414, 462), but the only neurologists who opined on the matter, in the record before the ALJ, were Dr. Germin and Dr. Corazza.  The ALJ noted the evidentiary conflict regarding the MS diagnosis (AR 29) and found that Plaintiff had "possible multiple sclerosis" (AR 26).  The ALJ also found that Plaintiff was capable of medium work (AR 28), while noting that no physician had imposed greater limitations (AR 30).

As part of his request that the Appeals Council review the ALJ's decision, Plaintiff submitted two pieces of evidence relating to MS.  First, he submitted a January 2018 MRI of his brain showing that, in pertinent part, "[e]xtensive cerebral white matter plaques are present consistent with history of multiple sclerosis."  (AR 38.)[3]  Second, Plaintiff submitted an October 2018 questionnaire completed by Dr. Galan, a neurologist, describing Plaintiff's limitations because of MS.  (AR 7-10.)  Dr. Galan wrote that Plaintiff's condition displayed, *inter alia*, motor weakness, the need for a cane and occasional rest periods while walking, weakness and instability

///

---

[3] This MRI was duplicative of evidence that was before the ALJ (AR 487-88), but the Appeals Council accepted it as new evidence (AR 2).  It makes no difference whether the ALJ saw the MRI in the first instance, because the Court must "review all the evidence submitted to the Appeals Council as if it had been before the ALJ." *See Burrell v. Colvin*, 775 F.3d 1133, 1139 n.4 (9th Cir. 2014) (citing *Brewes*, 682 F.3d at 1163).

in the lower extremities, weakness in the upper extremities, and an overall progressive worsening of his symptoms. (AR 7-8.)

In its order denying review, the Appeals Council considered this evidence but found that it did not show a reasonable probability of changing the outcome of the ALJ's decision. (AR 2.)

### C. Analysis.

As an initial matter, the Commissioner contends that Dr. Galan's October 2018 questionnaire is not significant and probative evidence because it post-dated the ALJ's May 2018 decision by five months. (Joint Stip. at 34.) The Court disagrees. The Appeals Council did not reject the filing of Dr. Galan's questionnaire because it post-dated the ALJ's decision, but instead accepted the questionnaire and incorporated it into the record. (AR 2.) Moreover, the fact that the questionnaire post-dated the ALJ's decision by five months does not mean that the questionnaire is not significant and probative evidence. *See Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988) ("It is obvious that medical reports are inevitably rendered retrospectively and should not be disregarded solely on that basis.") (citing *Bilby v. Schweiker*, 762 F.2d 716, 719 (9th Cir. 1985)). Finally, although Dr. Galan's questionnaire post-dated the ALJ's May 2018 decision, the medical basis for Dr. Galan's questionnaire, the January 2018 MRI, did not. For these reasons, the Court must consider Dr. Galan's questionnaire when reviewing the ALJ's decision for substantial evidence. *See Brewes*, 682 F.3d at 1163.

Based on the evidence considered by the Appeals Council, two of the ALJ's findings were unsupported by substantial evidence. First, the ALJ found that Plaintiff had a "possible" diagnosis of MS. (AR 26.) The apparent basis for this finding was the assessment of Dr. Corazza, a neurologist who declined to diagnose MS yet had been unable to review Plaintiff's MRI. (AR 393.) The full record, however, shows that two other neurologists, Dr. Germin and Dr. Galan, believed

1  Plaintiff had MS after reviewing Plaintiff's MRI.  (AR 7, 373.)   Because the ALJ's
2  doubts about an MS diagnosis apparently affected his non-disability determination,
3  it cannot be upheld for substantial evidence in light of the full record.  *See*
4  *Carmickle v. Colvin*, 645 F. App'x 575, 576 (9th Cir. 2016) (holding that an ALJ's
5  finding that a claimant did not have a mental impairment was unsupported by
6  substantial evidence where evidence considered by the Appeals Council showed
7  that he did); *Cantrell v. Commissioner of Social Sec. Admin.*, 543 F. App'x 653,
8  654 (9th Cir. 2013) (holding that an ALJ's finding that a claimant's back condition
9  lacked medical support was unsupported by substantial evidence where an x-ray
10 considered by the Appeals Council showed marked multilevel degenerative changes
11 of the cervical spine).

12      Second, and more significantly, the ALJ found that Plaintiff's residual
13 functional capacity ("RFC") allowed him to perform work at the medium exertional
14 level (AR 28), while noting that no physician had imposed more restrictive
15 limitations (AR 30).  However, the questionnaire completed by Dr. Galan indicated
16 that Plaintiff's MS imposed significant strength-based, exertional limitations
17 affecting his ability to lift, stand, and walk.  (AR 7-8.)  Thus, the ALJ's RFC
18 assessment for work at the medium exertional level cannot be upheld for substantial
19 evidence in light of the full record.  *See Hall v. Berryhill*, 717 F. App'x 708, 711
20 (9th Cir. 2017) (holding that an ALJ's RFC assessment was unsupported by
21 substantial evidence where evidence considered by the Appeals Council showed
22 additional mental limitations); *see also Borrelli v. Commissioner of Social Sec.*, 570
23 F. App'x 651, 652 (9th Cir. 2014) (holding that an ALJ's findings as to a claimant's
24 abilities and limitations was unsupported by substantial evidence where evidence
25 considered by the Appeals Council showed claimant's efforts to resolve arthritis
26 symptoms).
27 ///
28 ///

In sum, the evidence presented to the Appeals Council rendered unsupported by substantial evidence the ALJ's findings as to Plaintiff's allegation of disability premised on multiple sclerosis. Accordingly, reversal is warranted.

**II. Remand for Further Administrative Proceedings.**

Ninth Circuit case law "precludes a district court from remanding a case for an award of benefits unless certain prerequisites are met." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) (citations omitted). "The district court must first determine that the ALJ made a legal error, such as failing to provide legally sufficient reasons for rejecting evidence." *Id.* "If the court finds such an error, it must next review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and all essential factual issues have been resolved." *Id*. (citation and internal quotation marks omitted).

Here, all essential factual issues have not been resolved. The record raises factual conflicts about Plaintiff's level of functioning that "should be resolved through further proceedings on an open record before a proper disability determination can be made by the ALJ in the first instance." *See Brown-Hunter*, 806 F.3d at 496; *see also Treichler*, 775 F.3d at 1101 (stating that remand for an award of benefits is inappropriate where "there is conflicting evidence, and not all essential factual issues have been resolved") (citation omitted); *Strauss v. Commissioner of the Social Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011) (same where the existing record does not clearly demonstrate that the claimant is disabled within the meaning of the Social Security Act). Moreover, the ALJ should have an opportunity to consider, and the Commissioner should have an opportunity to rebut, the evidence that was presented to the Appeals Council in the first instance. *See Harman v. Apfel*, 211 F.3d 1172, 1180 (9th Cir. 2000) (where evidence is considered by the Appeals Council in the first instance, the "appropriate remedy in this situation is to remand this case to the ALJ; the ALJ may then

consider, the Commissioner then may seek to rebut and the [vocational expert] then may answer questions with respect to the additional evidence").

Therefore, based on its review and consideration of the entire record, the Court has concluded on balance that a remand for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) is warranted here. It is not the Court's intent to limit the scope of the remand.

## ORDER

It is ordered that Judgment be entered reversing the final decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.

DATED: May 13, 2020

_____
MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE